## ESCAPE.

### No. 1.

**LEONARD** *against* **HOIT.** *Addison*, 1819.

A prisoner confined on execution, founded on trespass, cannot be admitted to the liberties of the prison.

*CASE stated.* The plaintiff had recovered judgment against. one E. W. Judd, in an action of *trespass vi et armis*, for $148,33 and took out execution; upon this execution, the said Judd was committed to the prison of Addison County, of which defendant was keeper ; the nature of the action was duly certified in the execution. The defendant permitted Judd to go at large, within the liberties of the prison.

K

*Question.* Is defendant chargeable for an escape ?

*Phelps,* for the plaintiff, contended—That the right of admission to the liberties of the prison, is a right created by Statute, and without statutory provision could neither be claimed by the prisoner, or granted by the Sheriff ; that our Statute does not extend this right to cases of commitment for torts. 1 Stat. 283.

*Contra. Chipman* and *Edmond*—That in all cases where there are rules or liberties to a prison, there can be no escape, where the prisoner, on execution, remains within those rules and limits. Our *liberties* are precisely similar to the *rules* of the public prisons in England, as the Marshalsea, Fleet, and King's Bench prisons. In public prisons, it is a rule of common law, that liberties are to be set out. If the description of persons, committed on execution, not founded on contract, cannot be admitted to the liberties, our system is imperfect. The law is, that in case of prisoners for debt, the Sheriff is *compelled* to admit *them* to the liberties of the prison upon bonds ; but in case of prisoners confined on execution, founded on trespasses, &c. it is *optional* with the Sheriff, to admit them to the *liberties* or not ; he can give them that privilege and recommit them as often as he pleases ; they are entirely under the control of the Sheriff.

*Phelps,* in reply—The origin of the *rules,* in the public prisons in England, was, that the prisoners became so numerous, that no one building could contain them, and an *Act* was passed authorising the Court to make rules, setting out the limits of the prison, and declaring such limits, so set out, to be the same as the original prison, and prisoners were located in those limits, at the discretion of the *Court,* who could give them a greater, or less degree of liberty.

By the Court. The departure from the prison, set forth in the case stated, is an escape ; a prisoner cannot be admitted to the liberties of the prison, except in the cases where the privilege is *expressly* given by Statute.

*Judgment,* that defendant is guilty.